Mr. Chief Justice Sharkey
delivered .this opinion.
On a former occasion this case received a careful examination, but a reargument was applied for and assented to by the opposing counsel.
The action was brought by the defendants in error for deceit in representing one George as worthy of credit, on the strength of which representation the defendants in error gave him credit. The letter or certificate given by the plaintiffs in error is in the following words: “June 25th, 1845. This is to certify that we, the undersigned, citizens of Noxubee county, state of Mississippi, have personal and intimate acquaintance with Mr. Jacob *367 F. George; the majority of us have known Mr. George for a number of years; and we can with pleasure testify to his strict adherence to truth, punctuality in contracts, perseverence in business, and that he is an exemplary member of the Baptist church; in a word, we look upon Mr. George as an honest and responsible man, and worthy of all credit.” This letter was not addressed to any particular individual, though it was in proof that it was given to George to enable him to purchase goods in Columbus, the place of residence of the defendants in error. The letter was presented by George to the defendants in error, from whom he proposed to purchase goods on the strength of it. As they did not know the signers, they made inquiry concerning them, and on being informed of their character and ability, sold goods to George on a credit on the strength of the certificate, and continued to do so from the first of July until November, 1845, as George required them, to carry on the business of peddling. The witness, Moss, states positively that they would not have credited George but for the certificate. For each parcel or bill of goods sold to him, they took a note, payable one day after date. It was in proof by one of the witnesses that one of the signers admitted that he had gone too far in the certificate, as George was inclined to be slothful, though he would do for a pedler.
The defendants below proved, by a number of witnesses, that George had previously maintained a good character for honesty, though he was destitute of means or property, and it was known to all of the signers of the certificate that he was destitute of property or money with which to pay any considerable debt. Notwithstanding his previous good character, George left the country without paying the debts contracted for the goods.
On this evidence the jury found a verdict for the plaintiffs below for eleven hundred and ninety-five dollars. A motion was made for a new trial, because the verdict was contrary to law and evidenpe, and the only question presented is, Was the motion improperly overruled 1
The question of liability growing out of representations made concerning a third person, is one which has been very much dis *368 cussed. The decisions on it are very numerous, and somewhat conflicting. We need not attempt a review of them. ^The true principle we believe to be this, that if one make false representations concerning a third person, with" a view of obtaining credit for him, and credit is given on the faith of such representations, the person who made them is liable in an action of deceit. Some diversity of opinion has existed as to the intent with which, the representation is made; the earlier cases held that it must have been made to commit a fraud. The ingredient of fraud, either actual or constructive, is necessary. But if the representation be known to be false, and made with a view to obtain credit, it is fraudulent. This certificate was given that George might be enabled to purchase goods; if it was false, it was prima facie fraudulent. It was false in one important particular; it stated that George was a “ responsible man.” There seems to be no room for doubt as to the meaning of the parties in the use of this word “ responsible.” The object of the instrument explains what was meant. George wished to buy on a credit, and “ responsible,” in that connection, must have been intended to mean capability to discharge an obligation. It conveyed the idea that he possessed the means of making payment.
But it is insisted that this certificate did not amount to a positive affirmation, but was the mere expression of an opinion. We do not think so. It professes to be given on a thorough knowledge of George. The parties say they have a personal and intimate acquaintance with him. Several of them had. known him for many years. They rvere explicit in bearing testimony to his strict adherence to truth, and to his punctuality. They say, “in a word,” that is, to sum up, “we look upon him as an honest and responsible man.” These were undoubtedly the important questions with the creditor. From this language, it is next to impossible to conclude, that the parties only intended to express a matter of opinion, especially as to the matter of responsibility, for that was a question of fact susceptible of positive knowledge, and that knowledge they professed to possess from a long’and intimate acquaintance. The truth or falsehood of the representations was a question for the jury. If *369 the statements were false, the law was for the plaintiff below. That George was not responsible is fully shown, and it is also clear that the plaintiffs in error knew this fact. We cannot say that the verdict was contrary to law or to the evidence.
Under a different state of case, it might be material to inquire whether a recovery could be had for all the various dealings of the parties. If the plaintiffs below had become acquainted with the responsibility of George, and had given him credit after being informed of his inability to pay, the loss would have fallen on them; for the action for deceit from false representations will not lie if the party giving credit know them to be false. In such case there is no deceit. Now, although the dealing continued between July and November, there is no proof that the plaintiffs below knew any thing of the condition of George, otherwise than from the certificate. Indeed, Moss says all the sales were made on the faith of the certificate. They had some reason to question his punctuality, for he failed to pay the notes. But the credit seems to have been given on the faith of his responsibility as well as on his punctuality, and on that subject no knowledge is shown to have been possessed by them. We may add, also, that we have no means of applying this principle to the verdict. The declaration claims $ 1500, and the verdict is for a' sum considerably less. The bill of particulars referred to by the witness, as showing the amount of the several sales, is not before us. We cannot know whether the jury found for more or less than the whole price of the goods.
Judgment affirmed.